UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEROY SINGH,

          Plaintiff,

v.                                  Case No. 3:12-cv-824-J-12MCR

KENNETH S. TUCKER,
et al.,

          Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a document, titled "Judicial Notice" (Notice) (Doc. #1). In the Notice, Plaintiff names the following individuals as the Defendants in the action: (1) Kenneth S. Tucker, the Secretary of the Florida Department of Corrections, and (2) the Attorney General of the state of Florida. Citing 28 U.S.C. §§ 535(a) and (b) (providing that the Attorney General of the United States and the Federal Bureau of Investigation have the authority to investigate violations of federal criminal law involving government officers and employees), Plaintiff complains about retaliation at Florida State Prison (FSP). He asserts that, when he and other inmates use

the grievance procedures in accordance with the rules of the Florida Department of Corrections, they "are met with vindictive harassment and retaliation" by FSP's staff. Notice at 2, 3. Citing 28 U.S.C. §§ 535(a) and (b) as well as Florida Statutes sections 943.042(2)(d), (3), and (4), Plaintiff requests "a thorough and appropriate investigation" into the alleged staff abuse that "permeates the close management unit" at FSP. Id. at 5, 6.

As an initial matter, it appears that Plaintiff is seeking relief from Pamela Jo Bondi (the Attorney General of Florida) and Kenneth S. Tucker (the Secretary of the Florida Department of Corrections) since he has named them as Defendants and has sent a copy of the "Judicial Notice" to Defendant Bondi. Moreover, to the extent that Plaintiff seeks an investigation by the Florida Department of Law Enforcement and the Federal Bureau of Investigation, this Court does not have the authority to direct state and/or federal agencies to conduct investigations. Plaintiff may pursue such relief by directly contacting the Federal Bureau of Investigation and/or the Florida Department of Law Enforcement and/or the Attorney General of the United States to initiate an investigation relating to the alleged conditions at FSP's close management unit.

Finally, Plaintiff has neither filed a civil rights complaint form nor an Affidavit of Indigency form. To the extent that he

complains about the conditions at FSP, Plaintiff may initiate a civil rights action in this Court, if he elects to do so. If Plaintiff desires to initiate a civil rights action in this Court, he should complete and file the enclosed forms. Plaintiff may not initiate a civil rights action on behalf of other inmates; however, any inmate who elects to pursue claims on his own behalf may do so by initiating a separate civil rights action. Therefore, this case will be dismissed without prejudice to Plaintiff's right to refile on the proper forms.

Accordingly, it is

**ORDERED:**

1. This case is hereby dismissed **without prejudice** to Plaintiff's right to initiate a civil rights action by completing and filing the enclosed civil rights complaint form and Affidavit of Indigency, if he elects to do so.

2. The **Clerk of Court** shall send a Civil Rights Complaint form and an Affidavit of Indigency form to Plaintiff. If Plaintiff elects to refile his claims, he shall **either** file a fully completed Affidavit of Indigency (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will assign a new case number if Plaintiff elects to refile his claims.

3.   The Clerk of the Court shall enter judgment dismissing this case without prejudice.

**DONE AND ORDERED** at Jacksonville, Florida, this \_1st\_ day of August, 2012.

                                              */s/ Howell W. Melton*
                                       UNITED STATES DISTRICT JUDGE

sc 8/1
c:
Leroy Singh, FSP